## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **JAIME A. CARVAJAL, #10301-078,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **3:06-CV-1324-N** |
| | ) | **ECF** |
| **HARLEY G. LAPPIN, et al.,** | ) | |
| **Defendants.** | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* civil rights action brought by a federal inmate against the Federal Bureau of Prison (BOP) and federal officials in their individual and official capacities.[1]

Parties:  Plaintiff is presently confined at FCI Seagoville in Seagoville, Texas. Defendants are BOP Director Harley G. Lappin, U.S. Attorney General Alberto Gonzales, the BOP, and the following FCI Seagoville employees:  Warden Dan Joslin, Safety Director Aaron

---

[1]     Plaintiff and thirteen other FCI Seagoville inmates (plus an intervener) initially filed this action jointly, along with a motion for temporary restraining order and for class certification, in the U.S. District Court for the District of Columbia.  Following transfer of the joint action to this Court, District Judge Sam A. Lindsay dismissed the case without prejudice, directed the clerk to open new civil actions for each of the named plaintiffs, and required each plaintiff to file a separate complaint asserting his individual claims.  *See* July 24, 2006 Order filed in *Beaird v. Lappin*, No. 3:06cv0967-L (N.D. Tex.).
     The present findings, conclusions and recommendation relate only to the individual complaint filed by Plaintiff Jaime A. Carvajal on August 17, 2006.

Leftwich, Medical Director Joseph Capps, Nurse Scott Grow, Nurse Todd Ridge, Doctor Gordon Trueblood.[2]

The Court did not issue process in this case, pending preliminary screening. On August 25, 2006, the Court issued a questionnaire to Plaintiff, who filed his answers on September 26, 2006.

Statement of Case: Plaintiff's complaint, filed on August 17, 2006, seeks to sue Defendants, in their individual and official capacities, for the alleged "massive overcrowding" at FCI Seagoville which has exacerbated the following conditions of confinement: ventilation, plumbing, living space, quality of food, law library, educational programs, recreational space, medical and dental treatment, visitation and commissary, food services, and staff. (Complaint at 8-13, and 13-24). Plaintiff alleges violations of the Eighth Amendment of the United States Constitution. (*Id.* at 5). As jurisdictional bases, he relies on 28 U.S.C. § 1331, 42 U.S.C. § 1983, the Feral Tort Claims Act (FTCA) in 28 U.S.C. § 2671, *et seq*, and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971). (*Id.* at 5-7). Plaintiff requests monetary, declaratory, and injunctive relief.[3] (*Id.* 24-41).

Findings and Conclusions: The Court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes

---

[2]     The BOP recently appointed Dave Berkebile as warden of FCI Seagoville. Thus, the Court substitutes him, in his official capacity, for Defendant Dan Joslin. *See* Fed. R. Civ. P. 25(d) ("When a public officer is a party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party.").

[3]     Plaintiff also seeks "mandamus" relief, which is subsumed in his requests for injunctive relief.

2

a screening responsibility on the District Court.  Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added).  *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions); 42 U.S.C. § 1997e(c)(1) (applicable to prison condition cases).

Sections 1915A(b), 1915(e)(2)(B), and 1997e(c)(1) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted."  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact.*" Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989).

In this recommendation, the Court addresses only Plaintiff's claims for monetary relief under 42 U.S.C. § 1983 and *Bivens*.[4]

1.      42 U.S.C. § 1983

Section 1983 "applies to constitutional violations by state, rather than federal, officials." *See Evans v. Ball*, 168 F.3d 856, 863 n. 10 (5th Cir. 1999).  Because all named Defendants are

---

[4]      Contemporaneously with the filing of this recommendation, the Court issued a supplemental questionnaire to Plaintiff inquiring about exhaustion of administrative remedies under the FTCA.  *See* 28 C.F.R. §§ 543.30 through 543.32  The Court also issued process on the BOP and Warden Berkebile (in his official capacity) on Plaintiff's claims for declaratory and injunctive relief stemming from the "massive overcrowding" and the related conditions of confinement claims. The prohibitive feature of 42 U.S.C. § 1997e(e), requiring physical injury before recovery, does not apply in the context of requests for declaratory or injunctive relief sought to end an allegedly unconstitutional condition of confinement.  *See Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); see also *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005).

federal rather than state actors, any § 1983 claim necessarily fails.  Therefore, Plaintiff's claims under § 1983 should be dismissed with prejudice as frivolous.

      2.    *Bivens*

In *Bivens*, the United States Supreme Court established a cause of action for monetary damages against federal officials in their individual capacities for violations of federal constitutional rights.  *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971).

      A. <u>*Bivens* Claims Against the BOP and Defendants in their Official Capacities</u>

Plaintiff sues the BOP and all federal officials in their official capacities for monetary damages.  (Complaint at 1-3).  Claims for monetary damages against federal employees in an official capacity based upon allegations of constitutional violations are barred because they are considered as the actions of the federal agencies by whom they are employed.  *See Kentucky v. Graham*, 473 U.S. 159, 165-67, 105 S.Ct. 3099, 3105 (1985).  It is well established that a federal agency is immune from an action predicated on *Bivens*.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 486, 114 S.Ct. 996, 1006 (1994).  Plaintiff has not identified any explicit waiver of immunity by the BOP or the U.S. Department of Justice (with respect to U.S. Attorney General Gonzales).  Absent a waiver of sovereign immunity, the Court must dismiss Plaintiff's *Bivens* claims against the BOP and each Defendant, in his official capacity, for lack of jurisdiction.  *Meyer,* 510 U.S. at 483-86, 114 S.Ct. at 1005-06 (holding that "[s]overeign immunity is jurisdictional in nature", and that *Bivens* cause of action cannot be brought against federal agency); *Govea v. ATF*, 2006 WL 3147324 (5th Cir. 2006) (unpublished per curiam) (same); *Hatten v. White,* 275 F.3d 1208, 1210 (10th Cir. 2002) (noting that a *Bivens* action against federal agents acting in their official

capacities is properly dismissed); *Serrano v. Addy*, 2004 WL 691203, *4, 1:03cv46-C (N.D.

Tex., 2004) (monetary claim against individual federal defendants in official capacity must be

dismissed for lack of jurisdiction); *Campbell v. Martinez*, 2003 WL 22410576, *2, 1:03cv46-C

(N.D. Tex., 2003) (same).

### B. *Bivens* Claims Against Defendants in their Individual Capacities

Plaintiff also seeks to hold federal officials individually liable for monetary damages

under *Bivens*.  An individual cannot be held liable in a *Bivens* action unless he was personally

involved or participated in the alleged unconstitutional actions.  *Guerrero-Aguilar v. Ruano*, 118

Fed.Appx. 832, 833 (5th Cir. 2004) (unpublished per curiam) (*Bivens* provides a cause of action

against federal agents only in their individual capacities and requires a showing of personal

involvement).  Nor can an individual be held liable in a *Bivens* action pursuant to a theory of

respondeat superior.  *Cronn v. Buffington*, 150 F.3d 538, 545 (5th Cir. 1998) ("There is no

doctrine of respondeat superior in *Bivens* actions, and thus supervisory federal officials may be

held liable only upon two bases: personal involvement in the acts causing the deprivation of a

person's constitutional rights, or implementation of a policy so deficient that the policy itself acts

as a deprivation of constitutional rights.").

Plaintiff has failed to allege any facts that indicate personal involvement or acquiesce in

the alleged constitutional deprivations on the part of Director Lappin, Attorney General

Gonzales Warden Joslin, and Safety Director Leftwich.  He merely alleges that they

"implemented a bad policy (with respect to the massive overcrowding) with deliberate

indifference."  (Answer to Questions 3-6).  This allegation is conclusory and speculative.  The

complaint and answers to the magistrate judge's questionnaire fail to allege sufficient facts

showing that the named defendants were "personally involved" in the events at issue in the complaint.  (*Id.*).  Plaintiff concedes that he is seeking to sue Lappin, Gonzales, Joslin and Leftwich because of their supervisory status over the BOP and the different departments at FCI Seagoville.  (*Id.*).  The complaint and answers to the questionnaire fail to reveal the existence of a policy, and that the policy was so deficient that it alone acted as a deprivation of constitutional rights.  *Cronn*, 150 F.3d at 544-45.  Because neither predicate for liability is satisfied, Lappin, Gonzales, Joslin and Leftwich should be summarily dismissed.

Plaintiff's claims against Medical Director Capps and Dr. Trueblood fare no better.  In answer to the questionnaire, Plaintiff merely alleges that they had "constructive knowledge." (Answer to Questions 7 and 10).  As noted above, such an assertion is insufficient to show that they were "personally involved" in the events at issue in the complaint.  Moreover, Plaintiff's contention that Capps and Trueblood had a policy of not treating inmates with adequate medical care is conclusory at best.  (*Id.*).

With respect to Nurses Grow and Ridge, Plaintiff appears to complain that they denied him treatment for back and shoulder pain endured as a result of sleeping on the floor and against a wall in a cell in Building 9 from July 16 until July 21, 2005 – immediately after his arrival at FCI Seagoville.  (Answer to Questions 1(c), 8-9 and 11).  Assuming *arguendo*, that Defendants Grow and Ridge were personally involved in the alleged denial of medical care, and that Plaintiff's back and shoulder pain continued after his transfer to Building 5 on July 21, 2005,  his claim fails to rise to an actionable constitutional claim.  *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976) (to state a colorable claim under the Eighth Amendment for denial of medical care, convicted inmates must allege acts or omissions "sufficiently harmful to evidence a

6

deliberate indifference to serious medical needs."); *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997) (same).[5]

Plaintiff cannot establish that he suffered from a serious medical condition or need.  He merely complains of back and shoulder pain.  He fails to provide any information about the extent of his condition, symptoms endured, or any medication or treatment that he received.  He also fails to allege that his medical need was so apparent that Nurses Grow and Ridge would have recognized that care or medication was required.  *See Gobert v. Caldwell,* 463 F.3d 339, 345 n. 12 (5th Cir. 2006) (serious medical need for Eighth Amendment purposes "is one for which treatment has been recommended" or for which "the need is so apparent that even laymen would recognize that care is required").  Nor can he establish that Defendants Grow and Ridge acted with deliberate indifference.  Apart from listing the Defendants in the complaint, he fails to allege any facts to establish that they knew that he faced a substantial risk of serious bodily injury as a result of his medical condition -- i.e., back and shoulder pain -- being left untreated, and that they disregarded that risk by failing to take reasonable measures to abate it.  *(See* Complaint at 21, and Answer to Question 1(c) at 2).  "Deliberate indifference 'is an extremely high standard to meet.'"  *Gobert*, 463 F.3d at 346.  In this case, Plaintiff  has failed to plead even the bare minimum facts to establish such deliberate indifference on the part of Defendants Grow and Ridge.

The Court further notes that Plaintiff cannot allege a sufficient physical injury to sustain a

---

[5]        "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind."  *Norton*, 122 F.3d at 291.  It occurs when a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837-840, 114 S.Ct. 1970 (1994).

claim for damages for mental or emotional injury suffered while in custody as a result of the alleged "massive overcrowding" or any of the adverse conditions of confinement stemming from it.  *See* 42 U.S.C. § 1997e(e); *Harper v. Showers*, 174 F.3d 716, 719 n. 5 (5th Cir. 1999); see also *Geiger v. Jowers*, 404 F.3d 371, 374-375 (5th Cir. 2005) (extending physical injury requirement to first amendment claim seeking compensatory damages for emotional or mental injury allegedly suffered as a result of the purported First Amendment violation of withholding his mail).

As noted above the back and shoulder pain -- suffered as a result of sleeping on the floor for six days while confined in Building 9 (*see* Answer to Question 1(c) at 2) -- amounts at the most to a *de minimus* injury.  *Harper*, 174 F.3d at 719 (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)) (The "'physical injury' required by § 1997e(e) 'must be more than de minimus [sic], but need not be significant.'").  Likewise the unspecified "breathing problems" and "health hazards" allegedly caused by the "massive overcrowding" and lack of adequate ventilation and faulty plumbing allege no more than a *de minimus* injury.  (*see* Answer to Question 1(c) at 2.  The same applies to the unspecified high blood pressure and "problems within the stomach" that Plaintiff purportedly experienced as a result of the unhealthy, cold, and animal-fat rich diet.  (*Id.*).

The remaining allegations relate to the inadequate number of typewriters in the law library, increasing violence within the prison, inadequate educational programs, unfair visitation practices, high commissary prices, and unnecessary conflicts caused by untrained staff members.  (*Id.* at 3).  Plaintiff does not complain of suffering any physical injury as a result of the above conditions.  (*Id.*).  Accordingly, § 1997e(e) bars his request for monetary damages for any of the

above claims.  *See Harper*, 174 F.3d at 719.

Lastly, Plaintiff has not exhausted his administrative remedies with respect to any of his monetary damage claims, including the alleged denial of medical care.  *See Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378, 2382-83 (2006) (exhaustion of administrative remedies under 42 U.S.C. § 1997e(c), is mandatory before the filing of any suit challenging prison conditions regardless of the relief sought).  In answer to the questionnaire, Plaintiff merely relies on inmate John Beaird's attempt to exhaust administrative remedies with respect to the general overcrowding and related conditions of confinement claims.  (*See* Answer to Question 2 and Exh. A).  While a class member can exhaust on behalf of a class, such exhaustion is limited to claims for prospective injunctive relief.  *Gates v. Cook*, 376 F.3d 323, 330 (5th Cir. 2004).  Here the complaint seeks monetary relief for denial of medical care for back and shoulder pain. (Answer to Question 1(c)).  Plaintiff concedes that he did not exhaust his administrative remedies other than for contacting the medical staff.  (Answer to Question 2).

For all the above reasons, Plaintiff's *Bivens* claims for monetary damages against the Defendants in their individual capacities should be dismissed as frivolous and/or for failure to exhaust administrative remedies.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court enter a partial final judgment in favor of the BOP and all federal officials sued in their official capacities DISMISSING for want of jurisdiction Plaintiff's *Bivens* claims.

It is further recommended that the District Court enter a partial final judgment in favor of

all federal officials sued in their individual capacities DISMISSING with prejudice as frivolous and/or for failure to exhaust administrative remedies Plaintiff's claims under 42 U.S.C. § 1983 and *Bivens*.  *See* 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B), and 42 U.S.C. § 1997e(c)(1).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 14th day of February, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


<u>NOTICE</u>

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.